IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELVIN COLEMAN #B-40631,            )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   No.  13 C 7127
                                    )
TOM DART, COOK COUNTY SHERIFF,      )
                                    )
            Defendant.              )

MEMORANDUM ORDER

Melvin Coleman ("Coleman") has utilized the printed form of 42 U.S.C. §1983 ("Section 1983") Complaint provided by the Clerk's Office to sue Cook County Sheriff Tom Dart for the asserted violation of Coleman's constitutional rights while he was detained at the Cook County Department of Corrections ("County Jail").[1] Coleman has accompanied the Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). This Court has promptly conducted the threshold review called for by 28 U.S.C. §1915A,[2] and based on that review it dismisses both the Complaint and this action for failure to state a viable Section 1983 claim.

Before that subject is addressed, however, a few words must be said about the Application. In that respect Coleman has

---

[1] Coleman is now in state custody at the East Moline Correctional Center ("East Moline")--more on that subject later.

[2] All further references to Title 28's provisions will simply take the form "Section--."

failed to comply with the requirement of Section 1915(a)(2) that he submit a certified copy or copies reflecting all transactions in his trust fund account at East Moline and any other correctional institution or institutions where he was in custody (perhaps including the County Jail) during the six-month period from April 1 through September 30, 2013. Coleman is ordered to provide that statement or those statements to this Court (with those filed documents bearing Case No. 13 C 7127 for identification purposes) on or before October 30, 2013.

Meanwhile this Court grants the Application in the special sense provided by Section 1915 for persons in custody, under which Coleman is held liable for the entire $350 filing fee, to be paid in future installments. All such future payments shall be paid directly to the Clerk of Court ("Clerk"):

> Clerk, United States District Court
> 219 South Dearborn Street - 20th Floor
> Chicago IL 60604

> Attention: Financial Department

Each payment must clearly identify Coleman's name and the 13 C 7127 case number assigned to this action.

To implement the just-stated requirement, the trust fund officer at East Moline (or at any other correctional facility where Coleman may hereafter be confined) is authorized to collect monthly payments from Coleman's trust fund account in an amount equal to 20% of the preceding month's income credited to the

2

account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  To facilitate compliance with these requirements, the Clerk shall send a copy of this memorandum order to the East Moline trust officer.

To turn to Coleman's substantive claim, this Court attaches a photocopy of his Complaint ¶I.V Statement of Claim.  It has been clear for 35 years that to characterize such a short-term exposure, as unpleasant as it must have been, as triggering Section 1983 liability would trivialize the Constitution (see, e.g., Hutto v. Finney, 437 U.S. 678, 686-87 (1978) and DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001), and by way of contrast see the conditions and time periods involved in Vinning-El v. Long, 482 F.3d 923, 924 (7th Cir. 2007)(per curiam) and cases cited there and in Johnson v. Pelker, 891 F.2d 136, 139 (7th Cir. 1989)).

Hence the Complaint "fails to state a claim upon which relief may be granted," calling for dismissal under Section 1915A(b)(1).  And because the incident complained of occurred more than 10 months ago and Coleman has long since been transferred from the County Jail, any attempted amendment of the Complaint would be futile (Sound of Music Co. v. Minn. Mining & Mfg. Co., 477 F.3d 910, 922-23 (7th Cir. 2007)), thus calling for

dismissal of the action as well.

Two other matters bear brief mention. For one thing, dismissal of this action constitutes a "strike" under Section 1915(g).[3] And finally, the Motion is denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 9, 2013

---

[3] Coleman is also cautioned that if he chooses to appeal this memorandum order (as of course he has a right to do):

> 1. That would potentially subject him to liability for $455 in appellate filing and docketing fees, payable on the same future-installment terms as have been described here.
>
> 2. If the appeal were to be rejected, he might well incur another "strike" under Section 1915(g).

4